**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul Dwyer GRENNAN, Defendant–
Appellant.**

**No. 05–50932.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 16, 2007.

Filed March 20, 2007.

Becky S. Walker, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, Richard Y. Lee, Esq., USSA—Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Jonathan D. Libby, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: CANBY, THOMAS, and WARDLAW, Circuit Judges.

## MEMORANDUM *

Paul Dwyer Grennan appeals the sentence imposed following his conviction for enticing a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b). He contends that the district court erred when it imposed certain special conditions of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.

▪ We affirm the condition of supervised release requiring Grennan to submit to polygraph testing. The condition is not unconstitutional because we construe it as permitting Grennan to retain his Fifth Amendment rights during any polygraph testing performed under the condition. *See United States v. Antelope,* 395 F.3d 1128, 1133–41 (9th Cir.2005).

▪ We also affirm the special condition prohibiting Grennan from possessing any materials depicting or describing "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2). We have previously determined that the definition of "sexually explicit conduct" in § 2256(2) is neither impermissibly vague nor overly broad. *See United States v. Rearden,* 349 F.3d 608, 620 (9th Cir.2003).

▪ We vacate the plethysmograph condition and remand to the district court for further proceedings consistent with our intervening opinion in *United States v. Web-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*er,* 451 F.3d 552 (9th Cir.2006). The government concedes the appropriateness of a remand on this ground.

Grennan urges us to apply the heightened *Weber* standard to the condition of supervised release imposing mandatory Abel testing. We decline to address that issue on the present state of the record. Even if the *Weber* standard is not applied, we still must be satisfied that the condition is "reasonably related to the goal of deterrence, protection of the public, or rehabilitation of the offender." *United States v. T.M.,* 330 F.3d 1235, 1240 (9th Cir.2003). We are not satisfied that the record affords us sufficient information to evaluate the condition under that standard. Because the matter must be remanded in any event, we vacate this condition and instruct the district court to re-examine and address the appropriateness of the condition.

■ Finally, we vacate the condition requiring Grennan to take "all prescribed medication" and remand for further proceedings consistent with *United States v. Williams,* 356 F.3d 1045 (9th Cir.2004). As written, the mandatory medication condition is impermissible because it admits of the possibility that Grennan could be required to take antipsychotic medication without the required medically grounded findings. *See id.* at 1055–56.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.